**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1 SW Columbia Street, Ste. 900
Portland, Oregon 97204
Telephone: (503) 221-1772
Fax: (503) 221-1074
      Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND and TRUSTEES OF THE CARPENTERS INTERNATIONAL TRAINING FUND, <br><br>      Plaintiffs, <br><br>  v. <br><br>AST BUILDERS, INC., <br><br>      Defendant. | Civil No. <br><br>**COMPLAINT** <br>(Breach of Collective Bargaining Agreement and Violation of ERISA) |

Plaintiffs allege:

# I

## THE PARTIES

1. Plaintiffs are the Trustees of the Oregon-Washington Carpenters-Employers Apprenticeship and Training Trust Fund (Apprenticeship Fund) and Trustees of the Carpenters International Training Fund (CITF) (collectively, "Trust Funds").

Page 1 – **COMPLAINT**

2. The Trust Funds are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). Numerous employers pay fringe benefit contributions to the Trust Funds, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Trust Funds have discretionary authority and control over the management of the Trust Funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3. Defendant is an Oregon corporation. At all times material to this proceeding (July 1, 2021, forward), defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

## II

## JURISDICTION

4. The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Trust Funds against defendant for violation of the provisions of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. § 1132(e)(1) of ERISA.

5. At all times material to this proceeding (July 1, 2021, forward), defendant has been bound by a collective bargaining agreement (CBA) with The Pacific Northwest Regional Council of Carpenters (Union). The CBA covers employees in an industry affecting commerce, and the activities of defendant affect commerce. The Court also has jurisdiction over the Claim for Relief brought by each plaintiff against defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

Page 2 – **COMPLAINT**

### III

### JOINDER

6. The obligations of defendant to plaintiffs arise out of the same collective bargaining agreement. Common questions of law and fact govern the claims each plaintiff has against defendant.

### IV

### COMMON FACTS

7. At all times material to this proceeding (July 1, 2021, to date), defendant has been bound by a written CBA with the Union. Under the terms of the CBA, defendant agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds. Defendant further agreed to pay fringe benefit contributions on behalf of its employees performing work under the collective bargaining agreement to the Trustees of the Trust Funds. Defendant further agreed to file monthly remittance report forms and to pay fringe benefit contributions to the Trustees of the Trust Funds and Union by the 20th day of the month following the month in which the work was performed.

8. The Trust Agreement that created the Apprenticeship Fund provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe benefit contributions at the rate of 12 percent per annum from the date each contribution became due until paid and liquidated damages in an amount equal to one percent of the delinquent or late paid fringe benefit contributions for each month that the fringe benefit contributions are late or delinquent.

9. The Trust Agreement that created the CITF provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for interest on the delinquent fringe benefit contributions at the rate of 1.5% per month, compounded monthly, from the date the contributions became due, until paid, and liquidated damages in an amount equal to 20% of the late paid fringe benefit contributions, or the amount of interest owed, whichever amount is greater.

## V

## FIRST CLAIM FOR RELIEF

10. Defendant has failed to file its remittance report forms and pay its fringe benefit contributions for the work months of July 2021, to date, and the time for so doing has expired. Defendant should be required to file said remittance report forms, together with any remittance report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions that are owed to plaintiffs based on the information contained therein, and pay interest and liquidated damages on the delinquent fringe benefit contributions.

11. The Trust Agreements that created the Trust Funds provide that, if an employer fails to timely pay its fringe benefit contributions and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to recover reasonable attorney fees. The Trustees of the Trust Funds are entitled to recover their reasonable attorney fees from defendant.

12. The Trustees of the Trust Funds are entitled to recover their reasonable attorney fees from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(2)(D) of ERISA.

///   ///

///   ///

WHEREFORE, plaintiffs pray for a decree and judgment against defendant as follows:

1.  Requiring defendant to file its remittance report forms and pay its fringe benefit contributions owed for the months of July 2021, to date, together with any remittance report forms that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions that are owed based on the information contained therein, and pay interest and liquidated damages on the delinquent fringe benefit contributions;

2.  Providing that plaintiffs shall retain the right to conduct a future payroll examination of defendant's books and records in order to ensure that all required fringe benefit contributions have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions are owed, providing that plaintiffs shall have the right to institute legal proceedings against defendant to recover the delinquent fringe benefit contributions found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorney fees and court costs;

3.  Requiring defendant to pay the Trustees of the Trust Funds reasonable attorney fees;

4.  Requiring defendant to pay plaintiffs' costs and disbursements incurred in this lawsuit; and

5.  For such further relief as the Court deems just and equitable.

DATED this 21st day of September 2022.

> **BROWNSTEIN RASK, LLP**
>
> _____
> Cary R. Cadonau, OSB #002245
> Attorney for Plaintiffs

Page 5 – **COMPLAINT**